UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SQUARE ENIX LIMITED, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND COMPUTER FRAUD AND ABUSE** |
| v. | |
| DOES 1-15, | JURY DEMAND |
| Defendants. | |

Plaintiff Square Enix Limited ("Plaintiff"), for its Complaint against Doe Defendants 1 through 15 (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff Square Enix is a company organized and existing under the laws of the United Kingdom and having its principal place of business in London, United Kingdom.

2. Plaintiff develops and distributes copyrighted home video game computer programs for leading game consoles and personal computers. Its award-winning video game titles have sold millions of units around the world, including within the United States and in the Western District of Washington. Plaintiff has invested millions of dollars in developing, producing, and marketing its video game titles.

3. Plaintiff is presently developing the highly-anticipated sequel to its commercially successful "Deus Ex" line of video games, entitled "Deus Ex: Human

COMPLAINT - 1
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Revolution" (the "Game"). The Game has not yet been published, and Plaintiff is preparing it for commercial distribution to the public, which Plaintiff anticipates will take place in or about August 2011.

4. Plaintiff applied for and has been granted preregistration of its copyright in the Game by the United States Copyright Office.

| Title | Author | Type | Prereg No. |
|---|---|---|---|
| Deus Ex: Human Revolution | Square Enix Limited | Computer Program | PRE000004616 |

A copy of Plaintiff's Preregistration is attached to this Complaint as Attachment A.

5. Plaintiff does not know the true names of Defendants Does 1 through 15, inclusive, and therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants named as Does 1 through 15 will be alleged by amendment to this Complaint when they are known. On information and belief, one or more Does are residents of Italy and are non-resident aliens of the United States.

6. On information and belief, each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's damages, as alleged herein, were proximately caused by Defendants. On further information and belief, at all times pertinent herein, each of Defendants was the agent and/or employee of each co-defendant, and in doing or performing the acts hereinafter alleged, was acting in the scope of his authority as such agent and/or employee with permission and consent of the co-defendants.

**JURISDICTION AND VENUE**

7. This is an action for direct, contributory, and vicarious copyright infringement arising from Defendants' violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, as well as unauthorized access to a protected computer under 18 U.S.C. § 1030. This Court has

COMPLAINT - 2
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and/or 1391(d).

9. This Court has personal jurisdiction over Defendants by virtue of their actions in this judicial district giving rise to this suit, including their unauthorized access to a computer server located in Bellevue, Washington, and unauthorized copying and distribution of computer programs stored on that server.

## GENERAL ALLEGATIONS

10. As is common in the video game industry, to generate prerelease publicity for the Game, Plaintiff arranged a limited preview of an unpublished version of the Game for select members of the video game press. Plaintiff created a playable demo version of the beginning portions of the Game (the "Game Preview"), which authorized members of the video game press could access through a portal on the Internet game distribution platform "Steam" that was not available to the general public. As a condition of being permitted to access the Game Preview, the selected video game reviewers were required to execute non-disclosure agreements with Plaintiff prohibiting further distribution of the Game Preview and limiting the information about the Game they could disclose to others.

11. The Steam Internet game distribution platform is operated by Valve Corporation ("Valve"), which is headquartered in Bellevue, Washington. To enable distribution of the Game Preview through Steam, Square Enix's vendor, acting at Square Enix's direction and on its behalf, uploaded the code of the Game Preview onto Valve's server in Bellevue, Washington, which is located in this judicial district.

12. Users of Steam may purchase and download video games, which are linked to the user's account. Steam delivers game content using a proprietary file transfer protocol and protects it with digital rights management software. On information and belief, Steam

COMPLAINT - 3
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

collects and stores information about user accounts, such as the IP addresses and unique hardware identification numbers associated with each account.

13. One of the video game reviewers authorized by Plaintiff to receive a Game Preview copy via Steam was a reviewer for the Italian video game review magazine "Giochi per il Mio Computer" ("GMC"). On information and belief, GMC is a publication of Sprea Editori, S.p.A., an Italian-language publisher headquartered in or about Cernusco sul Naviglio, Italy. Prior to being provided access to the Game Preview on Steam, GMC and the reviewer entered a non-disclosure agreement with Plaintiff agreeing not to further reproduce or disclose the Game Preview.

14. On information and belief, one or more Defendants logged into the restricted Steam account hosting the Game Preview code by entering the username and password associated with the authorized GMC reviewer on or about May 29, 2011 from an IP address that was not associated with Sprea Editori or GMC.

15. On information and belief, one or more Defendants, without authorization, accessed and copied the Game Preview from the Steam server located in Bellevue, Washington, and distributed it to other Defendants and third parties using the peer-to-peer file sharing protocol BitTorrent.

16. On information and belief, one or more Defendants and other third parties made unauthorized copies of the Game Preview by downloading it from other persons using the BitTorrent file-sharing protocol.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT (DIRECT, CONTRIBUTORY, AND VICARIOUS))**
**[17 U.S.C. §§ 101 *et seq.*]**

17. Plaintiff incorporates by reference each allegation of the foregoing paragraphs.

18. Plaintiff has complied in all respects with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and all other laws governing copyright, with respect to the Game. The Game is an

COMPLAINT - 4
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

unpublished computer program which has not yet been distributed to the public, and is being prepared for commercial distribution by Plaintiff. Accordingly, the Game satisfies all requirements for Copyright preregistration, and Plaintiff has applied for preregistration of federal copyright for the Game.

19. Defendants' conduct violates the exclusive rights belonging to Plaintiff as the owner of the copyright in the Game, including without limitation, Plaintiff's rights under 17 U.S.C. § 106. Specifically, on information and belief, Defendants copied, distributed, displayed, exhibited, performed, and/or created derivative works of the Game Preview, which consisted of a significant and material portion of the Game. By engaging in those actions, Defendants have directly infringed and, unless restrained, will continue to infringe Plaintiff's exclusive rights in its copyrighted work.

20. On information and belief, each of the Defendants, through (a) their active participation in the infringing conduct of each other and of third parties; (b) their assistance of and mutual contribution to each other's and third parties' infringing conduct; (c) their supervision of and ability to control or halt the infringing conduct of each other and third parties; (d) the substantial, direct financial benefits that each of the Defendants has derived and continues to derive from the acts described above, with knowledge of their unlawfulness, is contributorily and vicariously liable for the infringing conduct of each of the other Defendants and third parties.

21. Plaintiff has never authorized Defendants, by license, assignment, or otherwise, to copy, distribute, display, exhibit, perform, or create derivative works of the copyrighted Game or Game Preview.

22. On information and belief, Defendants' acts of infringement as alleged herein were committed knowingly, intentionally, willfully, and without regard for Plaintiff's rights.

23. On information and belief, as a direct and proximate result of their wrongful conduct, each of the Defendants has deprived and will continue to deprive Plaintiffs of gains,

COMPLAINT - 5
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

revenues, royalties, and/or business advantages that they would otherwise enjoy, and has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff.

24. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and other damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (COMPUTER FRAUD AND ABUSE ACT)
## [18 U.S.C. § 1030]

25. Plaintiff incorporates by reference each allegation of the foregoing paragraphs.

26. Valve's computer server, through which the Game Preview was distributed and accessed, is a "protected computer" as defined in 18 U.S.C. § 1030(e)(2)(B), in that it is used in interstate or foreign commerce or communication.

27. Plaintiff stores certain proprietary information and data on this protected computer, including the Game Preview, of which Plaintiff retains ownership, and external access and use of which is limited to certain authorized users.

28. Defendants intentionally accessed Plaintiff's information on this protected computer without authorization, and/or exceeded authorized access, as defined in 18 U.S.C. § 1030(e)(6), thus obtaining information they were not entitled to access.

29. Defendants' conduct involved interstate or foreign communications.

30. Defendants' conduct caused damage to Plaintiff in violation of 18 U.S.C. §§ 1030(a)(2)(C) and/or 1030(a)(4).

31. As a direct and proximate result of Defendants' unlawful access, Plaintiff has suffered monetary damage in excess of $5,000, including without limitation the unauthorized copying and distribution of Plaintiff's copyrighted Game, depriving Plaintiff of sales and royalties in excess of this amount and infringing Plaintiff's exclusive rights under the

COMPLAINT - 6
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Copyright Act, as well as time valued in excess of this amount spent investigating and responding to the unlawful access, in addition to other damages and economic loss resulting from the unlawful access.

32. As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to recover from Defendants any and all gains, profits, advantages, and unjust enrichment obtained as a result of their wrongful acts as alleged herein, in an amount to be determined at trial.

33. On information and belief, Defendants' acts in violation of 18 U.S.C. § 1030 were willful and conducted maliciously, oppressively, fraudulently, and/or without regard to Plaintiff's rights. Accordingly, Defendants are liable for punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That each Defendant be held liable for direct, contributory, and/or vicarious infringement of Plaintiffs' copyrights in violation of the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, as alleged herein;

B. That each Defendant be held liable for unauthorized access to a protected computer in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, as alleged herein;

C. Preliminarily and permanently enjoining Defendants and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted material without Plaintiff's consent, or otherwise infringing Plaintiff's copyrights or other rights in any manner;

D. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

COMPLAINT - 7
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

F. Awarding Plaintiff its costs of this suit, including expert witness costs, pursuant to 17 U.S.C. § 505 and any other applicable laws and/or rules; and

G. Awarding Plaintiff such other and further relief as is just and proper.

Dated: June 22, 2011              FENWICK & WEST LLP

By: *s/ Kit W. Roth*
BRIAN D. BUCKLEY, WSBA No. 26423
KIT W. ROTH, WSBA No. 33059

1191 Second Avenue
10th Floor
Seattle, WA 98101
Phone: 206-389-4510
Fax: 206-389-4511
Email:  bbuckley@fenwick.com
            kroth@fenwick.com

TYLER G. NEWBY
(*pro hac vice application to be filed*)
ERIN SIMON
(*pro hac vice application to be filed*)

555 California Street
12th Floor
San Francisco, CA 94104
Phone:  415-875-2300
Fax:  415-281-1350
Email:  tnewby@fenwick.com
            esimon@fenwick.com

Attorneys for Square Enix Limited

CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated:   June 22, 2011                             FENWICK & WEST LLP


By:   *s/ Kit W. Roth*
BRIAN D. BUCKLEY, WSBA No. 26423
KIT W. ROTH, WSBA No. 33059

1191 Second Avenue
10th Floor
Seattle, WA 98101
Phone: 206-389-4510
Fax: 206-389-4511
Email:  bbuckley@fenwick.com
            kroth@fenwick.com

TYLER G. NEWBY
(*pro hac vice application to be filed*)
ERIN SIMON
(*pro hac vice application to be filed*)

555 California Street
12th Floor
San Francisco, CA 94104
Phone:  415-875-2300
Fax:  415-281-1350
Email:  tnewby@fenwick.com
            esimon@fenwick.com

Attorneys for Square Enix Limited

28762/00400/SF/5345531.3

COMPLAINT - 9
CASE NO.:

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511