UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SQUARE ENIX LIMITED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOES 1-15,<br><br>　　　　Defendant. | Case No.: 2:11-cv-01045<br><br>**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO FED. R. CIV. P. 26(F) CONFERENCE**<br><br>**NOTE ON MOTION CALENDAR:**<br>Wednesday, June 22, 2011<br><br>**[WITHOUT ORAL ARGUMENT]** |

## I.　INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 6(c)(1)(C), 26(d), 30(a), and 34, and Local Civil Rule 7, Plaintiff Square Enix Limited ("SEL") makes this *Ex Parte* Motion for Leave to Take Limited Discovery Prior to a FED. R. CIV. P. 26(f) Conference to allow SEL to immediately serve a subpoena *duces tecum*. The subpoena is crucial to determining the identity of the individuals responsible for the unauthorized access to a computer server hosting SEL's unpublished video game and the subsequent unauthorized reproduction and distribution of that game prior to its commercial distribution. Without the requested discovery, SEL will not be able to identify the Doe Defendants' ("Defendants") true names and identities with sufficient particularity to effect service of process and ultimately obtain redress. This *ex parte* motion is supported by the facts, authority, and analysis set forth below

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 1
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

and the concurrently-filed Declaration of Tyler Newby ("Newby Declaration" or "Newby Dec.") and Declaration of Craig Ward (the "Ward Declaration" or "Ward Dec.").

SEL has been unable to meet and confer or to seek a stipulation from Defendants regarding this *ex parte* motion because SEL cannot identify Defendants without the discovery requested herein. Furthermore, because the true identities of Defendants have not yet been revealed, and no opposition to this motion will be filed, hearing this motion on an *ex parte* basis is appropriate under FED. R. CIV. P. 6(c)(1)(C).

## II.   FACTUAL BACKGROUND

As alleged in the Complaint and detailed in the Ward Declaration, Square Enix Limited ("SEL") and its subsidiary Eidos-Montreal are developing the next installment in the highly successful *Deus Ex* video game series, which will be titled "*Deus Ex: Human Revolution*" (the "Game"). The *Deus Ex* game series has been tremendously successful and has won numerous "Game of the Year" awards from the video game press, and frequently appears in lists of the best video games of all time. The Game has not yet been distributed to the public, and is being prepared for commercial release. SEL has invested millions of dollars in the development and marketing of the Game, which is scheduled for commercial release in North America on August 23, 2011 and in Europe on August 26, 2011. Ward Dec. ¶ 3.

As is common in the video game industry, to generate prerelease publicity for the Game, SEL arranged a limited preview of an unpublished version of the Game for select members of the video game press. SEL created a playable demo version of the beginning portions of the Game (the "Game Preview"), which authorized members of the video game press could access through a secure portal on the Internet game distribution platform "Steam," which is hosted on computer servers in Bellevue, Washington by Valve Corporation ("Valve"). Prior to being permitted access to the Game Preview on Valve's Steam service, the selected video game reviewers were required to execute non-disclosure agreements with SEL. These contracts prohibit further distribution of the Game Preview and limit the information about the

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 2
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Game the reviewers could disclose to others. Ward Dec. ¶ 4. Among the reviewers who entered a non-disclosure agreement with SEL was a reviewer with the Italian language video game magazine, "Giochi per il Mio Computer" ("GMC"), which is published by Sprea Editori, S.p.A. Ward Dec. ¶ 5.

To enable the limited press review of the Game Preview, SEL's vendor, acting at SEL's direction and on its behalf, uploaded the software code of the Game Preview onto Valve's server in Bellevue, Washington. Authorized reviewers who had entered nondisclosure agreements with SEL could then access the Game Preview code by providing their user name and password on a non-public Steam account established by SEL. Ward Dec. ¶ 6

On May 31, 2011, SEL learned that a copy of the Game Preview was being distributed without SEL's authorization on public peer-to-peer BitTorrent file sharing networks. After learning of this unauthorized distribution, SEL disabled journalist access to the Preview Game code on Steam. Ward Dec. ¶ 8. SEL and Eidos-Montreal personnel downloaded a copy of the unauthorized reproduction of the Game Preview program and conducted a technical analysis of the code. Based on anomalies in the code, SEL identified the GMC reviewer's account as the account that had accessed the Game Preview code from Steam that was later copied and distributed without authorization. Based on SEL's analysis, this access occurred on May 29, 2011. Ward Dec. ¶ 9.

SEL then sought the assistance of both Valve and GMC in collecting information relating to the unauthorized distribution of the Game Preview code. Valve informed SEL that the Preview Game code was accessed by the GMC journalist's account from a computer assigned the IP address 93.33.103.126 on May 29, 2011. Valve assigned its own unique HWID number "45199788547935752" to the device that accessed the Game Preview code during this session. The publicly available WHOIS database shows that this IP address is owned by an Italian Internet service provider "FastWeb S.P.A." in Milan, Italy. Ward Dec.

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 3
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

¶ 10. This IP address did not match the IP address assigned to Sprea Editori's GMC offices or the HWID used by the GMC reviewer who was authorized to access the Game Preview. Ward Dec. ¶ 11.

Valve has informed SEL that is has more information about the Steam account assigned the HWID 45199788547935752, which appears responsible for the unauthorized access and distribution of the Game Preview code. However, Valve has stated that its privacy policy prohibits it from providing this information to SEL without a subpoena or court order. Ward Dec. ¶ 12.

Accordingly, Plaintiff requests that the Court approve the issuance of a subpoena to Valve in the form attached to the Newby Declaration as Exhibit A.

### III.  AUTHORITY AND ANALYSIS

**A.  Discovery Before a Rule 26(f) Conference Is Appropriate When Necessary to Determine the Identities of Anonymous Defendants.**

Rule 26(d) of the Federal Rules of Civil Procedure imposes a hold on discovery until the parties have conducted a Rule 26(f) conference, unless, among other things, the parties stipulate or the Court orders otherwise. Because SEL needs the requested discovery to identify the true identities of Defendants, a Rule 26(f) conference is not possible. Accordingly, an order of the Court permitting SEL to serve the Subpoena attached as Exhibit A to the Newby Declaration is appropriate, in that it will allow SEL to obtain the information it needs to amend the Complaint to substitute the true names of one or more Defendants and effect service upon them. Without being permitted to take this limited discovery before a Rule 26(f) conference, SEL will not be able to obtain the true identities of the persons who accessed its Game Preview in excess of their authorization and who subsequently infringed SEL's copyright in the Game.
PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO FRCP 26(F) CONF. - 4
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

The Ninth Circuit has permitted plaintiffs to use discovery to learn the true identities of unknown defendants where their identities could not be determined prior to the filing of a complaint. *See, e.g.*, *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980). Furthermore, courts have recognized that the relative anonymity of the Internet can make the use of Doe complaints and subsequent discovery to identify defendants' identities appropriate:

> With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances.

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (authorizing subpoena to identify unknown trademark infringers); *see also, e.g.*, *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004) (denying motions to quash subpoenas to Internet Service Provider to identify Does alleged to have engaged in copyright infringement).

As set forth above, the Doe defendants who accessed and downloaded the Game Preview code from the Valve servers in this District operated in anonymity. The IP address of the GMC game reviewer's account that accessed the Game Preview code on Valve's servers did not match an IP address used by GMC employees. Ward Dec. ¶ 11. Furthermore, Valve has indicated that its records show that the computer used to access the Game Preview code does not match the computer used by the authorized GMC journalist. Ward Dec. ¶ 11. Accordingly, without the additional information that Valve possesses regarding the

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 5
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

unauthorized access, SEL may never be able to identify the intruder who accessed and subsequently reproduced and distributed the Game Preview code without authorization.

**B.    The First Amendment Does Not Limit SEL's Interest in Seeking the Requested Discovery.**

    **1.    Defendant's Computer Intrusion and Literal Copyright Infringement Does not Implicate Protected Speech.**

While courts have been cautious in permitting the discovery of identities of anonymous speakers where the content of protected speech was the subject of the Complaint[1], no such concerns apply here. Defendants are not alleged to have engaged in any protected speech. To the contrary, the Complaint alleges that Defendants intruded into the Valve computer servers hosting SEL's Game Preview code in violation of the Computer Fraud and Abuse Act, and then reproduced and distributed that code over the Internet in violation of the Copyright Act. Accordingly, it is Defendants' conduct, not protected expression, that is the subject of SEL's Complaint. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555-56 (1985) (rejecting First Amendment challenge to copyright infringement complaint); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004) (rejecting First Amendment challenged to subpoenas to identify persons alleged to have engaged in copyright infringement). If the First Amendment were to bar victims of computer intrusions from uncovering the identities of hackers or prevent copyright owners from discovering the identities of infringers, content owners would essentially have no form of redress against hacking and piracy.

    **2.    Even if Free Speech Rights Were Implicated, SEL Has Satisfied the Standard Established in *Salehoo*.**

In a recent case involving a subpoena to obtain the identities of persons engaged in anonymous speech on the Internet, the Honorable James L. Robart found that courts

---

[1] *See, e.g.*, *Salehoo Group, Ltd. v. ABC Company*, 722 F. Supp. 2d 1210, 1218 (W.D. Wash. 2010) (quashing subpoena to identify individual engaged in allegedly defamatory speech about company).

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 6
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

evaluating such discovery requests should weigh at least two factors to ensure that the civil discovery process is not being used to chill speech protected by the First Amendment:

(1)   Whether the plaintiff has notified the anonymous speaker and attempted to provide him an opportunity to respond; and

(2) Whether the plaintiff has established a prima facie case.

*Salehoo Group, Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1215-1216 (W.D. Wash. 2010). SEL respectfully submits that this analysis is not necessary here, as SEL is not seeking the identity of individuals engaged in protected speech. But even if the Court were to apply the *Salehoo* analysis, consideration of its factors supports the limited discovery sought by SEL.

First, SEL is not able to notify Defendants of its subpoena, because it does not know who they are or how to contact them. Although SEL has attempted to elicit through informal means from both Valve and GMC information that would help identify the individuals who conducted the unauthorized download of the Game Preview, those efforts have not proved fruitful.

Second, through its Complaint and the Ward Declaration, SEL has established a prima facie case of copyright infringement and violation of the Computer Fraud and Abuse Act. To establish a prima facie case for copyright infringement, a plaintiff must show: (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). SEL has alleged and presented evidence that SEL is the owner of copyright preregistration number PRE000004616 for *Deus Ex: Human Revolution*, which, as a computer program, is entitled to copyright protection. Complaint ¶¶ 3, 4, Ex. A. In addition, SEL has alleged and presented evidence that its exclusive right of reproduction and distribution for the Game was infringed by the unknown Defendants when they copied the Game Preview code from Valve's servers and subsequently distributed the Game to the world over the Internet via peer-to-peer file sharing networks, all without SEL's

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED
DISCOVERY PRIOR TO FRCP 26(F) CONF. - 7
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

authorization.  Ward Dec. ¶ 8.

To prove a violation of the Computer Fraud and Abuse Act, a plaintiff most show: (1) the defendant accessed a computer used in interstate or foreign commerce or communications without authorization or in excess of authorization; (2) the defendant's conduct involved interstate or foreign communications; (3) the defendant intentionally accessed information on the protected computer; and (4) the plaintiff has suffered monetary damage in excess of $5,000.  18 U.S.C. § 1030(a)(2)(C); 1030(e)(2)(B).  SEL has presented evidence that the Game Preview code was stored on a Valve computer that was used in interstate or foreign commerce.  In particular the server, which is located in Bellevue, Washington, can be, and has been, accessed from different parts of the world, including the Netherlands and Italy.  Ward Dec. ¶¶ 6-10.  Plaintiff has also presented evidence that it restricted access to the Game Preview code to a select group of game reviewers who were prohibited by contract from further distribution of the code.  Ward Dec. ¶¶ 4-6.  The distribution of the Game Preview code at issue was in direct violation of those restrictions, and, at a minimum, exceeded the authorized access granted to GMC.  *See, e.g.*, *United States v. Nosal*, __ F.3d __, Case No. 10-10038, 2011 WL 1585600 at *6 (9th Cir. April 28, 2011) ("An individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized access.'") (quoting *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009)).  Third, SEL has presented evidence that Defendants accessed the Game Preview code on the Valve server using foreign communications.  Ward Dec. ¶ 10.  Finally, the fact that SEL has invested millions of dollars into the development of the Game, a version of which is now being distributed for free months in advance of its commercial release date, more than establishes prima facie evidence that SEL has suffered harm of at least $5,000. Ward. Dec. ¶ 3.

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO FRCP 26(F) CONF. - 8
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

### IV.   CONCLUSION

For the reasons stated above, SEL respectfully requests that the Court enter an order permitting SEL to serve the subpoena attached as Exhibit A to the Newby Declaration on Valve prior to a FED. R. CIV. P. 26(f) conference.

RESPECTFULLY SUBMITTED this 22nd day of June, 2011.

FENWICK & WEST LLP


By: *s/ Kit W. Roth*
BRIAN D. BUCKLEY, WSBA No. 26423
KIT W. ROTH, WSBA No. 33059

1191 Second Avenue
10th Floor
Seattle, WA 98101
Phone: 206-389-4510
Fax: 206-389-4511
Email: bbuckley@fenwick.com
kroth@fenwick.com

TYLER G. NEWBY
(*pro hac vice application to be filed*)
ERIN SIMON
(*pro hac vice application to be filed*)

555 California Street
12th Floor
San Francisco, CA 94104
Phone: 415-875-2300
Fax: 415-281-1350
Email: tnewby@fenwick.com
esimon@fenwick.com

Attorneys for Square Enix Limited

PLAINTIFF'S EX PARTE MOT. FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO FRCP 26(F) CONF. - 9
CASE NO.: 2:11-CV-01045

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511